## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among plaintiffs Paul Reyes ("Paul"), and Miguel Angel Reyes ("Miguel," collectively with Paul "Plaintiffs") and defendants Healthy Fresh Juice, Inc. (d/b/a Healthy Fresh), Jaime Baeza, and Ivan Zuniga, (collectively "Defendants" and together with Plaintiffs, "Parties").

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiffs never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS**, on October 14, 2020, Defendants filed their Answer to the Complaint, denying the material allegations of the Complaint and asserting various defenses; and

**WHEREAS**, there is a bona fide dispute as to the viability of Plaintiffs' claims and whether, and to what extent, Defendants have any liability to any of the Plaintiffs for unpaid wages, overtime or other compensation; and

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle the Action and all other matters between them; and

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**WHEREAS**, throughout the negotiation and execution of this Agreement, Plaintiffs have been represented by their counsel, Clela A. Errington, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiffs' Attorneys"); and

**WHEREAS**, Defendants have been represented by their counsel, Johnnie Woluewich, Law Office of Johnnie Woluewich, 984 Morris Park Ave., Bronx, NY 10462 telephone number (718)-822-0707 ("Defendants' Attorneys"); and

**WHEREAS**, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length negotiation between Plaintiffs' Attorneys and Defendants' Attorneys, both of whom are experienced in actions of this nature; and

**WHEREAS**, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiffs and Defendants, intending to be legally bound, hereby agree as follows:

{00600353.DOCX.3}

1. **Consideration.** In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiffs the total sum of Eighty-Five Thousand Dollars and Zero cents ($85,000.00) (the "Settlement Amount") as follows:

   a. The Settlement Amount will be paid as follows:

   (i) An initial payment the amount of Twenty Five Thousand Dollars and Zero cents ($25,000.00) (the "Initial Payment") as follows:

   A) a check in the amount of Eight Thousand Dollars and Thirty Three Cents ($8,333.33) made payable to "Michael Faillace & Associates, P.C.," for immediate deposit fourteen (14) days after Court Approval of the Agreement;
   B) a check in the amount of Thirteen Thousand Dollars and Zero Cents ($13,000.00) made payable to "Paul Reyes," for immediate deposit fourteen (14) days after Court Approval of the Agreement; and
   C) a check in the amount of Three Thousand Dollars Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($3,666,67) made payable to "Miguel Angel Reyes" for immediate deposit fourteen (14) days after Court Approval of the Agreement

   (ii) A second payment the amount of Twenty Five Thousand Dollars and Zero cents ($25,000.00) (the "Initial Payment") as follows:

   A) a check in the amount of Eight Thousand Dollars and Thirty Three Cents ($8,333.33) made payable to "Michael Faillace & Associates, P.C.," for immediate deposit twenty-eight (28) days after Court Approval of the Agreement;
   B) a check in the amount of Thirteen Thousand Dollars and Zero Cents ($13,000.00) made payable to "Paul Reyes," for immediate deposit twenty-eight (28) days after Court Approval of the Agreement; and
   C) a check in the amount of Three Thousand Dollars Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($3,666.67) made payable to "Miguel Angel Reyes" for immediate deposit twenty-eight (28) days after Court Approval of the Agreement

   (iii) A third payment the amount of Twenty Five Thousand Dollars and Zero cents ($25,000.00) (the "Initial Payment") as follows:

   A) a check in the amount of Eight Thousand Dollars and Thirty Three Cents ($8,333.33) made payable to "Michael Faillace &

Associates, P.C.," for immediate deposit one hundred ninety-six (196) days after Court Approval of the Agreement;

B) a check in the amount of Thirteen Thousand Dollars and Zero Cents ($13,000.00) made payable to "Paul Reyes," for immediate deposit one hundred ninety-six (196) days after Court Approval of the Agreement; and

C) a check in the amount of Three Thousand Dollars Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($3,666.67) made payable to "Miguel Angel Reyes"for immediate deposit one hundred ninety-six (196) days after Court Approval of the Agreement.

(iv) A third payment the amount of Ten Thousand Dollars and Zero cents ($10,000.00) (the "Initial Payment") as follows:

A) a check in the amount of Three Thousand Three Hundred Thirty-Three Dollars and Thirty Three Cents ($3,333.33) made payable to "Michael Faillace & Associates, P.C.," for immediate deposit three hundred sixty-five (365) days after Court Approval of the Agreement;

B) a check in the amount of Five Thousand Two Hundred Dollars ($5,200.00) made payable to "Paul Reyes," for immediate deposit three hundred sixty-five(365) days after Court Approval of the Agreement; and

C) a check in the amount of One Thousand Four Hundred Sizty-Six Dollars and Sixty-Seen Cents ($1,466.67) made payable to "Miguel Angel Reyes" for immediate deposit three hundred sixty-five (365) days after Court Approval of the Agreement.

b. The payments set forth in Paragraph 1.a. of the Agreement shall be sent to: Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, Attn: Clela A. Errington, Esq., to be made in time to be immediately deposited at the time prescribed by Paragraph 1.a.(ii).

c. Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a and 1.b of this Agreement. Plaintiffs or their authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, Such default may be cured by Defendants making payment of the delinquent payment within ten (10) business        days of Defendants' attorneys' receipt of Plaintiffs' notice of default.

d. Except as set forth in this Paragraph 1, Plaintiffs are not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees.

Plaintiffs acknowledge and agree that unless they enter into this Agreement, they are not otherwise entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiffs each acknowledge and agree that after receipt of the consideration set forth in this Paragraph 1, they have each been paid and/or have each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been, entitled.

e.  The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiffs against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or other compensation which were or could have been asserted in the Plaintiffs' Complaint and all other related matters.

f.  Plaintiffs represent that they are not aware of any existing lien against their recovery in this action. Plaintiffs agree to release, hold harmless and indemnify Defendants from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against their recovery in this action, including that portion of the recovery representing fees for legal services.

g.  Plaintiffs further acknowledge that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiffs' respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiffs' recovery in this action is exclusively their responsibility. Plaintiffs further agree that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown, relating to Plaintiffs' recovery in this action, as well as that portion representing fees for legal services, Plaintiffs shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

h.  Upon Court Approval of the Agreement, Defendants will issue, or cause to be issued to Michael Faillace & Associates, P.C., Paul Reyes and Miguel Angel Reyes each an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

i.  If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiffs each agree that they shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that each of them shall indemnify and hold

harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due. Plaintiffs further agree and understand that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiffs will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

2. **Failure to Pay.** Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiff to recover from Defendants jointly and severally: (i) $100,000 less the amount of any payments already made; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. Plaintiffs' attorneys shall hold the executed and notarized confession(s) of judgment in escrow, and the confession(s) of judgment shall not be filed with the Court unless: (i) Defendants fail to make any payment when due pursuant to Paragraphs 1.a. and 1.b. of this Agreement; (ii) Plaintiffs provided Defendants a notice of default in the manner prescribed pursuant to Paragraph 1.c. of this Agreement; and (iii) Defendants failed to cure the default pursuant to Paragraph 1.c. of this Agreement by making payment of the delinquent payment within ten (10) business days of Defendants' attorneys' receipt of Plaintiffs' notice of default.

3. **Limited Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually on behalf of their children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) Healthy Fresh Juice, Inc. and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and (iii) Ivan Zuniga and Jaime Baeza in their individual and corporate capacities, and their heirs, executors, administrators, attorneys, successors and assigns; (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiffs may have, known or unknown, contingent or otherwise, arising from Defendants' compensation of Plaintiffs during their respective employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq.*, and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiffs may have under this Agreement.

It is the intention of the Parties in executing this Agreement that it shall be a release of all claims arising from or concerning Defendants' compensation of Plaintiffs during their respective employment with any Defendant in all respects and shall be effective as a bar to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction and settlement of any such released matter and sufficient basis for its dismissal. Plaintiffs each acknowledge and agree that, by signing this Agreement, they are each surrendering and giving up any right they have or may have, without limiting the generality of any other provision herein, to assert any claim, arising from or concerning Defendants' compensation of Plaintiffs during their respective employment with any Defendant, against or involving Defendants and the Releasees, or to permit themselves (Plaintiffs) to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, Plaintiffs' compensation by Defendants.

4. **Discontinuance of Claims.** Plaintiffs each acknowledge and agree that, other than the Action, they are not presently aware of any legal proceedings pending between Plaintiffs and/or their representatives and Defendants or the Releasees. It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiffs asserted against Defendants in the Action, and that the Action be dismissed with prejudice. Plaintiffs agree to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation shall be filed by Plaintiffs' Attorney within seven (7) days of receipt of the Initial Payment, on ECF to be reviewed, approved, and So-Ordered by the Court, as such approval is required by Second Circuit case law. Plaintiffs agree to refrain from re-filing any and all claims against Defendants and the Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Action.

5. **Agreement Not to File Suit or Arbitration for Past Acts.** Plaintiffs, for and on behalf of themselves and each of their respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiffs permit any person, group of persons, or organization to take such action their behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees pertaining to any claim being released herewith arising before execution of this Agreement. Plaintiffs further agree that in the event that any person or entity should bring such a claim, complaint, or action on their behalf, Plaintiffs hereby waive and forfeit any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed. Plaintiffs understand that the provisions of this Paragraph mean that they cannot bring a future lawsuit against Defendants arising out of any actions or failures to act pertaining to any claim being released herewith arising before Plaintiffs' execution of this Agreement.

6. **Attorneys' Fees in Suit.** If any or all of the Plaintiffs breach the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff(s) will be required and compelled to pay for all fees and costs incurred by the Releasees,

including reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same. Similarly, if any or all of the Defendants breach the terms of this Agreement, then such Defendant(s) will be required and compelled to pay for all fees and costs incurred by the Plaintiffs, including reasonable attorneys' fees.

7. **Denial of Wrongdoing.** Nothing contained in this Agreement, nor the fact that Plaintiffs have been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiffs, including with respect to Plaintiffs' employment, including Plaintiffs' pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

8. **Statement of Fairness.** The Parties acknowledge and agree this settlement is in Plaintiffs' and Defendants' respective best interest given the extent of the disputed issues of fact described herein, and taking into account the strengths and weaknesses of each party's case. The Parties agree that the uncertainty of the outcome of trial warrants a settlement in the amount of $85,000.00. The Parties further agree that even taking into account the Plaintiffs' attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $85,000.00 adequately compensates each Plaintiff for unpaid wages as well as a measure of liquidated damages.

9. **Miscellaneous Acknowledgments and Affirmations.**

   a. Plaintiffs affirm that upon payment of the Settlement Amount they have been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which they may be entitled.

   b. Plaintiffs affirm that they have been granted any leave to which they were entitled and have not been retaliated against for exercising any rights to leave.

10. **Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided via email and First Class Mail, to the following:

   a. If to Defendants:
   Johnnie Woluewich, Esq.
   Law Office of Johnnie Woluewich
   984 Morris Park Ave.
   Bronx, NY 10462
   jwoluewich@gmail.com

   b. If to Plaintiffs:
   Clela A. Errington, Esq.
   Michael Faillace & Associates, P.C.

60 East 42nd Street, Suite 4510
New York, New York 10165
cerrington@faillace.law.com

**11.     Choice of Law and Forum.** This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

**12.     Entire Agreement.** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

**13.     Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiffs and their attorneys and an authorized representative of Defendants.

**14.     General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

**15.     Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

**16.     Legal Counsel.** Plaintiffs are hereby advised of their right to consult with an attorney before signing this Agreement, which includes a release. Plaintiffs each hereby acknowledge that they were fully and fairly represented by Michael Faillace & Associates, P.C., in connection with the review, negotiation and signing of this Agreement.

**17.     Competence to Waive Claims**. At the time of considering or executing this Agreement, Paul and Miguel were not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are each competent to execute this Agreement and knowingly and voluntarily waive any and all claims they may have against the Releasees. Plaintiffs each certify that they are not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair their right or ability to waive all claims they may have against the Releasees.

**18.     Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFFS EACH ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL,**

**WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

[SIGNATURE PAGE TO FOLLOW]

## PLAINTIFFS

**PAUL REYES**

_____

Dated:

**MIGUEL ANGEL REYES**

_____

Dated:

## DEFENDANTS

**IVAN ZUNIGA**

_[signature]_
_____
Individually and on behalf of Healthy Fresh Juice, Inc.

Dated:

**JAIME BAEZA**

_[signature]_
_____
Individually and on behalf of Healthy Fresh Juice, Inc.

Dated:

## PLAINTIFFS

**PAUL REYES**

_____

Dated:

**MIGUEL ANGEL REYES**

_____

Dated:

## DEFENDANTS

**IVAN ZUNIGA**

_____

Individually and on behalf of Healthy Fresh Juice, Inc.

Dated:

**JAIME BAEZA**

_____

Individually and on behalf of Healthy Fresh Juice, Inc.

Dated:

**PLAINTIFFS**

**PAUL REYES**

_____

Dated:

**MIGUEL ANGEL REYES**

*/s/ Miguel Reyes*

Dated:

**DEFENDANTS**

**IVAN ZUNIGA**

*/s/ Ivan Zuniga*

Individually and on behalf of Healthy Fresh Juice, Inc.

Dated:

**JAIME BAEZA**

*/s/ Jaime Baeza*

Individually and on behalf of Healthy Fresh Juice, Inc.

Dated:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------X

PAUL REYES and MIGUEL ANGEL REYES,
individually and on behalf of others similarly
situated,

                          *Plaintiffs*,

            -against-

HEALTHY FRESH JUICE INC. (D/B/A
HEALTHY FRESH), JAIME BAEZA,
and IVAN ZUNIGA ,

                          *Defendants.*

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

------------------------------------X

STATE OF NEW YORK    )
                              : ss.:
COUNTY OF BRONX     )

       JAIME BAEZA, being duly sworn, deposes and says:

1. I reside at _937 Pierce Ave Bronx NY 10462_.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Paul Reyes and Miguel Angel Reyes ("Plaintiffs") and Healthy Fresh Juice Inc., Jaime Baeza, and Ivan Zuniga (collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and, in the event of an uncured default on the Settlement Agreement, authorize entry thereof against myself in favor of Plaintiffs for the sum of $100,000.00, less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $85,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $85,000, plus liquidated damages of 15,000.00, for a total of $100,000.00.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the

Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, County of Bronx a judgment for $100,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule in paragraph 1 of the Settlement Agreement), against myself, Jaime Baeza.

By: _____
JAIME BAEZA

Sworn to before me this
20th day of January 2020

_____
Notary Public



JOHNNIE WOLUEWICH
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Bronx County
02WO6403966
MY COMMISSION EXPIRES 02/10/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------X

PAUL REYES and MIGUEL ANGEL REYES,
*individually and on behalf of others similarly
situated,*

                        *Plaintiffs,*

      -against-

HEALTHY FRESH JUICE INC. (D/B/A
HEALTHY FRESH), JAIME BAEZA,
and IVAN ZUNIGA,

                        *Defendants.*

------------------------------------X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK  )
                            : ss.:
COUNTY OF BRONX    )

        IVAN ZUNIGA, being duly sworn, deposes and says:

    1.    I reside at _653 East 182st Apt 5A Bronx NY 10457_

    2.    Pursuant to the terms of the Settlement Agreement and Release by and between Paul Reyes and Miguel Angel Reyes ("Plaintiffs") and Healthy Fresh Juice Inc., Jaime Baeza, and Ivan Zuniga (collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and, in the event of an uncured default on the Settlement Agreement, authorize entry thereof against myself in favor of Plaintiffs for the sum of $100,000.00, less any payments made under the Settlement Agreement.

    3.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $85,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $85,000, plus liquidated damages of 15,000.00, for a total of $100,000.00.

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

    5.    I hereby represent my understanding that upon Defendants' breach of the

Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, County of Bronx a judgment for $100,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule in paragraph 1 of the Settlement Agreement), against myself, Ivan Zuniga.

By: _____
IVAN ZUNIGA

Sworn to before me this
___ day of _____ 2020

_____
Notary Public