UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL REYES, MIGUEL ANGEL REYES,

                Plaintiffs,

-v-

HEALTHY FRESH JUICE INC., JAIME BAEZA, and IVAN ZUNIGA,

                Defendants.

CIVIL ACTION NO.: 20 Civ. 5452 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 21), and have submitted a joint Letter in support of settlement (ECF No. 20) and Settlement Agreement (ECF No. 20-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  In addition, the plaintiff in this case has expressed serious concerns about collectability and has agreed to a payment schedule, which "militates in favor of finding a settlement reasonable."  Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "guarantee[d]

recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter-motion in support of settlement, the Settlement Agreement and accompanying exhibits, the Court finds that all of the terms of the proposed settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the Court approves the settlement.

This action is dismissed with prejudice and without costs except as may be stated in the Settlement Agreement.  The Court will retain jurisdiction to enforce the Settlement Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested mark ECF No. 20 as "granted," and close this case.

Dated:      New York, New York
            April 9, 2021

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**